█ In the Matter of AMERICAN OIL COMPANY, Appellant, v. FRANCIS T. PURCELL et al., Constituting the Town Board of the Town of Hempstead, Respondents.— In a proceeding pursuant to article 78 of the CPLR to annul respondents' determination dated September 28, 1971, denying petitioner's application for a permit for construction of an additional gasoline storage tank on its property in Inwood, Town of Hempstead, the appeal is from a judgment of the Supreme Court, Nassau County, entered April 18, 1972, which dismissed the petition. Judgment affirmed, with costs. No opinion. Hopkins, Acting P. J., Martuscello, Gulotta and Brennan, JJ., concur; Munder, J., dissents and votes to reverse the judgment and to direct respondents to issue a permit as sought by petitioner, subject to any reasonable conditions respondents deem appropriate, with the following memorandum: Petitioner's property is located in an area in Inwood, Town of Hempstead, classified under the zoning ordinance of the town as an industrial district. In such a district, a gasoline storage tank can be constructed if approved as a special exception by the Town Board. Prior to the instant application, which incidentally was for a storage tank with a capacity of 995,000 gallons, the town had granted permits for two tanks with a capacity of 588,000 gallons, which tanks are presently on the premises. This points up the unique character of a special exception: it allows the property owner to put his property to a use *expressly permitted* by the ordinance. As

noted recently by the Court of Appeals, the " inclusion of the permitted use in the ordinance is tantamount to a legislative finding that the permitted use is in harmony with the general zoning plan and will not adversely affect the neighborhood " (*Matter of North Shore Steak House* v. *Board of Appeals of Inc. Vil. of Thomaston*, 30 N Y 2d 238, 243). With this in mind, i.e., that there has been a legislative finding in the Town of Hempstead that a gasoline storage tank on petitioner's property will not adversely affect the neighborhood, the reasons given by respondents for denying the instant application are insufficient. For example, the Town Board found that an additional tank would increase the disastrous results in the event of an airplane crash, that an additional tank would increase the possibility of spillage of gasoline on the ground or into the waters of Jamaica Bay and that a storage tank of the size contemplated would bring with it the undesirable possibility of air pollution from the evaporation of fumes. All three of these conditions or possibilities exist as things now stand. Also, they obviously existed at the time the Town Board originally considered the ordinance permitting storage tanks in the area in question and we must assume the board was aware of them. Despite this, the ordinance was enacted. We must also keep in mind that the burden of proof of an applicant for a special permit is much lighter, for example, than that required for a hardship variance. It requires the applicant to show only that the use is contemplated by the ordinance, subject only to " conditions " attached to its use to minimize its impact on the surrounding area (*Matter of North Shore Steak House* v. *Board of Appeals of Inc. Vil. of Thomaston, supra*, p. 244). Here, that burden was met. There are already two storage tanks on the premises and petitioner introduced uncontroverted evidence that the additional tank would not create a fire hazard or cause any evaporating vapors because of the floating roof type of construction. The fact is petitioner asserted a willingness and ability to comply with any conditions deemed necessary to minimize the impact on, or insure the safety of, the surrounding area. Looking at the realities, petitioner must satisfy the gasoline requirements of its dealers in the Inwood area. That is so whether the additional storage tank is permitted or not. Presumably, without the additional tank, the existing tanks will be overtaxed and will generate more delivery service and truck traffic. Despite petitioner's uncontroverted proof to the contrary, the Town Board found that the additional tank would increase traffic. In short, I think that this finding and the three discussed above, upon which the board relied, were not supported by substantial evidence.